IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVONNE BARNES, PATRICIA DEAN, and ANTONIO MORRIS, Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>UNILEVER UNITED STATES INC.,<br><br>　　　　　Defendant. | Case No. 21 C 6191 |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Three plaintiffs—Yvonne Barnes, Patricia Dean, and Antonio Morris—have filed suit against Unilever United States Inc. They assert claims arising from their purchase of Suave antiperspirant products manufactured and distributed by Unilever. Specifically, the plaintiffs (which the Court will collectively call Barnes) allege the products were defective because they contained benzene, a carcinogen that has no therapeutic or other beneficial effect in an antiperspirant. Barnes further alleges that the presence of benzene in the products was not disclosed in the labeling or otherwise.

In her complaint, Barnes (who has sued in federal court under the Class Action Fairness Act) asserts claims on behalf of nationwide, multi-state, and Illinois-based classes under the state consumer fraud acts of the various states (Count 1); the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) (Count 2); for breach of

express and implied warranties (Counts 3 and 4); for unjust enrichment (Count 5); and for a claim entitled "medical monitoring" (Count 6).

Unilever has moved to dismiss Barnes's claims for lack of standing and failure to state a claim. The Court also has two other pending cases asserting similar claims, which were reassigned to the undersigned judge because they were related to this case. Barnes has advised that she intends to file a consolidated amended complaint that covers all of the cases. The Court decided to rule on Unilever's motion before that, to provide guidance for further proceedings.

The Court made an oral ruling on Unilever's motion following oral argument on July 20, 2022 and summarizes in this order its rulings on the arguments made by Unilever in support of dismissal.

**1.  Standing**

The Court overrules Unilever's argument that Barnes has not plausibly alleged an injury in fact, one of the elements required for standing under Article III of the U.S. Constitution. Barnes does not allege a present physical injury from use of the Suave products, but that is not required—an economic injury may suffice. Barnes alleges that she was deprived of the benefit of her bargain, in that she would not have purchased the products, or would not have purchased them for the listed price, had she known they contained a human carcinogen. Under *In re Aqua Dots Products Liability Litigation*, 654 F.3d 748, 751 (7th Cir. 2011), this is a sufficient allegation of an injury in fact.[1] The Court does not agree with defendants' contention that this aspect of *Aqua*

---

[1] This is so even if, as Unilever contends, benzene contamination applied only to some limited lots of its product. Barnes's theory of injury holds water even if based on the

*Dots* is no longer good law in light of more recent Supreme Court decisions. *See, e.g., Debernardis v. IQ Formulations, LLC*, 942 F.3d 1076, 1084-85, 1086-87 (11th Cir. 2019). *Johannessohn v. Polaris Industries, Inc.*, 9 F.4th 981 (8th Cir. 2021), cited by Unilever, is not to the contrary, because its ruling regarding standing concerned unnamed class members who had not purchased the product in question. We are not at the class certification stage in this case, and Barnes and the other named plaintiffs all allege that they purchased the product, and their complaint, read in the light most favorable to them, alleges that the products they purchased (or at least some of them) were adulterated with benzene. *See* Compl. ¶¶ 54-55, 58-59, 62-63 (referring to "the existence of benzene in the product"). To the extent *Johannessohn* stands for the proposition that a benefit-of-the-bargain theory does not suffice to establish economic injury, the Court respectfully disagrees, for the reasons described in *Aqua Dots*.

The Court also concludes that Barnes has sufficiently alleged a basis for standing to pursue the claim entitled "medical monitoring," in which she seeks as relief monitoring of her medical condition into the future to ascertain the effects of her exposure to benzene in Unilever's products. In this regard, the Court agrees with the well-reasoned decision of its colleague Judge Franklin U. Valderrama in *Leslie v. Medline Industries, Inc.*, No. 20 C 6154, 2021 WL 4477923, at *5-7 (N.D. Ill. Sept. 30, 2021).

The Court agrees with defendants, however, that Barnes lacks standing to pursue prospective injunctive relief. Standing must be established for each type of relief

---

proposition that she would not have purchased the product had she known of the risk it contained benzene.

3

sought by a plaintiff. See *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021). For the reasons described by the Seventh Circuit in *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732 (7th Cir. 2014), Barnes is now aware of the adulteration of the Suave products and thus cannot viably claim deception for any future purchases—or that she has no choice but to purchase this product. *See id.* at 740-41 ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief") (citing *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974)).

**2.    Failure to state a claim**

Barnes does not attempt to defend the breach of warranty claims asserted in her complaint, so the Court dismisses them for failure to state a claim.

Unilever seeks to strike Barnes's request for punitive damages. The resolution of this issue primarily involves a question of choice of law—specifically, which state's punitive damages law to apply. The Court does not see a good reason to decide this at this point in the litigation, as there is a decent chance that the choice of law question may be impacted by a determination of the issue of class certification. And there is no basis to believe that the presence of a request for punitive damages will have a significant impact on the scope of discovery. The Court defers this issue until a later stage of the case.

The claim entitled "medical monitoring" is mislabeled; that's a type of relief, not a claim or cause of action. As pleaded in Barnes's complaint, it's likely a negligence claim. Plaintiffs indicated at oral argument that they intend to voluntarily dismiss the claim, but regardless, it fails to state a claim in its current form. The reason is the absence of a present injury, which is required under Illinois law, specifically *Berry v. City*

4

*of Chicago*, 2020 IL 124999, ¶ 38, 181 N.E.3d 679, 689 (2020), for this sort of claim. *See Leslie*, 2021 WL 4477923, at *9-11.

The Court overrules Unilever's contention that Barnes's unjust enrichment claim should be dismissed because there is an adequate remedy at law (thus precluding the claim) and/or because it is a duplicate of other claims that are subject to dismissal. A plaintiff in federal court is allowed at the pleading stage to assert claims in the alternative, *see* Fed. R. Civ. P. 8(d)(2), (3), and in any event there is authority supporting the opposition that unjust enrichment may in appropriate circumstances serve as a stand-alone claim under Illinois law. *See Cleary v. Philip Morris Inc.*, 656 F.3d 511 (7th Cir. 2011) (discussing the Illinois Supreme Court's decisions in *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 807 N.E.2d 439 (2004), and *Indep. Voters v. Ill. Commerce Comm'n*, 117 Ill. 2d 90, 510 N.E.2d 850 (1987)).

The Court deals last with Barnes's ICFA claim. This claim plausibly and adequately alleges a basis for relief under the "unfair practice" arm of liability under the ICFA. In the Court's view, allegations that Unilever put adulterated and therefore dangerous products into the marketplace without adequate testing or screening—which is the gist of Barnes's claim—are sufficient to state a claim for an unfair practice violative of the ICFA. Whether conduct qualifies as an unfair act or practice is assessed based on "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to all consumers." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417–18, 775 N.E.2d 951, 961 (2002) (internal quotation marks omitted). "A court may find unfairness even if the claim does not satisfy all three criteria . . . because of the degree to which it

5

meets one of the criteria or because to a lesser extent it meets all three." *Id.* at 418, 775 N.E.2d at 961. The complaint, read in the light most favorable to Barnes as required on a motion to dismiss, is sufficient to meet these elements.

In seeking dismissal, Unilever also relies on ICFA's "safe harbor" provision, under which ICFA's prohibitions do not apply to, among other things, "[a]ctions or transactions specifically authorized by laws administered by any regulatory body or officer of this State or the United States," with the exception of manufacture or sale of a product or services that causes or contributes to bodily injury, death, or property damage. 815 Ill. Comp. Stat. 505/10b(1). Unilever contends that the federal Food and Drug Administration's labeling requirements for over-the-counter products, and specifically for antiperspirants, require disclosure in a product's label only of substances intended to be included, not unintended contaminants. Because benzene is in the latter category, Unilever contends, federal law "specifically authorized" it not to include it in the products' label.

The safe harbor exception is an affirmative defense, and an affirmative defense typically is not an appropriate basis for dismissal for failure to state a claim under Rule 12(b)(6). This is so because under federal pleading rules, a plaintiff is not required to anticipate and "plead around" potential affirmative defenses. An affirmative defense may, however, serve as a basis for dismissal under Rule 12(b)(6) if the plaintiff's complaint alleges everything needed to establish that the defense applies as a matter of law, including the absence of a way around the defense. *See, e.g., Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). The Court is inclined to believe that

6

this principle counsels against dismissal of Barnes's ICFA claim on this basis, given (perhaps among other things) her contention that federal law, specifically the Food Drug, and Cosmetic Act, precludes introduction into interstate commerce "of any food, drug, or cosmetic that is adulterated or misbranded." 21 U.S.C. § 331(a). It would appear that Barnes has sufficiently alleged that the products in question were, at a minimum, "adulterated" due to the presence of benzene.

The Court believes, however, that this particular issue would benefit from further briefing following the filing of plaintiffs' anticipated consolidated amended complaint. The Court therefore declines dismissal on this basis, without prejudice to renewal of this argument after filing of the amended complaint.

## Conclusion

For the reasons stated above, the Court dismisses Counts 3, 4, and 6 of plaintiffs' complaint for failure to state a claim but otherwise denies defendants' motion to dismiss [dkt. no. 46]. Plaintiffs are given until August 24, 2022 to file an amended complaint, which may be a consolidated amended complaint combining this case and Case Nos. 22 C 338, *Morris v. Unilever United States Inc.*, and 22 C 3143, *Bogdanovs v. Unilever United States Inc*. The case is set for a telephonic status hearing on August 29, 2022 at 9:10 a.m., using call-in number 888-684-8852, access code 746-1053.

Date: July 24, 2022

_____
MATTHEW F. KENNELLY
United States District Judge