UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YVONNE BARNES, PATRICIA DEAN, ANTONIO MORRIS, and BERNADETTE BOGDANOVS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNILEVER UNITED STATES, INCORPORATED,<br><br>Defendant. | Case No. 1:21-cv-06191<br><br>Hon. Matthew F. Kennelly<br><br>Hon. M. David. Weisman |

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs Yvonne Barnes, Patricia Dean, Antonio Morris, and Bernadette Bogdanovs ("Plaintiffs") individually, and on behalf of the Settlement Class,[1] file their Unopposed Motion for Preliminary Approval of Settlement Agreement. In support thereof, as more fully set forth in Plaintiffs' accompanying Memorandum of Law ("Mem."), Plaintiffs state as follows:

1. This Action involves Defendant, Unilever United States, Inc.'s, sale of the Covered Products, which Plaintiffs allege were unfairly sold to consumers despite not being manufactured in accordance with cGMPs, which resulted the Covered Products being contaminated with harmful levels of a chemical called benzene. Defendant disputes these allegations.

2. Plaintiffs, individually, and on behalf of the Settlement Class, and Defendant have entered into a Settlement that resolves Plaintiffs' claims on a class-wide basis.

---

[1] All capitalized terms not otherwise defined herein have the same definitions as set out in the Settlement, which is attached as **Exhibit 1** to the Joint Declaration of Plaintiffs' Counsel.

1

3. The Settlement Class is defined as "all natural persons who, between January 1, 2018, and the date of Preliminary Approval, purchased in the United States any Covered Product for personal, family or household use, and not resale." Settlement ¶ 2.35.

4. The Settlement provides significant relief for the Settlement Class, including a non-reversionary Settlement Fund in the amount of $2,000,000.00.

5. The Court should find that the Settlement is fair, reasonable, and adequate. It meets all the Seventh Circuit's standards for the approval of class action settlements, as well as the Fed. R. Civ. P. 23(e)(2) factors, and therefore warrants Preliminary Approval. The Settlement was negotiated at arm's length by competent, experienced counsel, with the assistance of a third-party mediator. It provides Settlement Class Members substantial monetary relief in a prompt and efficient manner while at the same time mitigating the risk of protracted litigation and/or a negative outcome that would preclude any recovery whatsoever for the Settlement Class.

6. Further, the Settlement Class satisfies the requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy.

7. The numerosity requirement is easily met because purchasers of the Covered Products during the relevant time period are indisputably in the tens of thousands and are geographically located throughout the United States, making joinder impracticable.

8. The commonality requirement is met because there are questions of law and fact common to the Settlement Class including, but not limited to, whether Defendant failed to manufacture the Covered Products in accordance with cGMPs, whether Defendant's failure to do so was "unfair" to consumers, and the nature of damages sustained as a result of Defendant's conduct. Resolution of this common question would require evaluation of the question's merits under a single objective standard.

9. Plaintiffs' claims are also typical of the claims of the Settlement Class. Specifically, Plaintiffs' claims, legal theories, and evidence are identical to those of other members of the Settlement Class. Plaintiffs, like all members of the Settlement Class, purchased the Covered Products during the Class Period and suffered damages because of Defendant's alleged misconduct.

10. Finally, Plaintiffs and Plaintiffs' Counsel will adequately protect the interest of the class. Plaintiffs' interests are coextensive with those of the Settlement Class. Like all members of the Settlement Class, Plaintiffs have claims against Defendant in connection with their purchase of Covered Products during the Class Period. Plaintiffs, like all members of the Settlement Class, were also allegedly injured by Defendant's allegedly wrongful acts. Proof of Plaintiffs' claims would necessarily involve adjudicating the same issues of law and fact as the claims of the Settlement Class as a whole. Thus, Plaintiffs and the Settlement Class they seek to represent have the same interests in recovering damages allegedly caused by Defendant's wrongful conduct. Likewise, Plaintiffs' Counsel are highly qualified and have a great deal of experience litigating consumer class actions. They will adequately represent the Settlement Class.

11. The Settlement Class also satisfies Rule 23(b)(3), which requires the Court to find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

12. Plaintiffs' claims involve common questions of law and fact because the same set of operative facts applies to the Settlement Class. Specifically, common questions include whether Defendant failed to manufacture the Covered Products in accordance with cGMPs, whether Defendant's failure to do so was "unfair" to consumers, and the nature of damages sustained as a

result of Defendant's conduct. Accordingly, whether Defendant engaged in unfair practices will entail common proof. Thus, the "predominance" requirement is satisfied.

13. The requirement of superiority also is met because, given the relatively modest amounts that Settlement Class members would stand to recover in individual actions, it is improbable that many would possess the initiative to litigate individually. A class action is the superior method for the fair and efficient adjudication of these claims. Plaintiffs' claims are shared by tens of thousands of consumers nationwide, and resolution of all Settlement Class Members' claims in a single proceeding promotes judicial efficiency and avoids inconsistent decisions. Further, it is unlikely that any Settlement Class member would be willing or able to pursue relief on an individual basis.

14. Plaintiffs also respectfully request that Plaintiffs' Counsel be appointed as counsel for the Settlement Class under Rule 23(g). Plaintiffs and the Settlement Class are represented by qualified and competent Counsel. As set forth in their respective resumes, which are attached to the accompanying Joint Declaration of Plaintiffs' Counsel, each firm has significant experience in the class action field, and each attorney has extensive experience prosecuting and resolving similar complex class actions.

15. Plaintiffs also respectfully ask the Court to approve the Notice Plan, which is the best notice practicable under the circumstances. It includes a Long Form Notice, Short Form Notice, Settlement Website, and Toll-free phone number, and shall provide, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Filing Deadline; a date by which Settlement Class Members may exclude themselves from the Settlement Class; a date by which Settlement Class Members may object to the Settlement and/or to Plaintiffs' Counsel's Motion for Attorneys' Fees, Costs and Service Awards; the date the

4

Final Approval hearing is scheduled to occur; and the Settlement Website address at which Settlement Class Members may access this Agreement and other related documents and information.

16. The Notice Plan is designed to directly reach a very high percentage of Settlement Class Members through the Short Form Notice.

17. The Parties selected Angeion Group, a well-respected settlement administrator, to act as the Claims Administrator, with Court approval. The Parties will jointly oversee the Claims Administrator.

18. Plaintiffs' Counsel has conferred with Defendant's Counsel, and Defendant does not oppose this motion.

19. Accordingly, for these reasons, and those set forth in Plaintiffs' Memorandum of Law filed contemporaneously herewith, Plaintiffs respectfully ask the Court to find the Settlement is fair, adequate, and reasonable and enter an order: (i) granting Preliminary Approval of the Settlement; (ii) provisionally certifying the Settlement Class for settlement purposes; (iii) appointing the Plaintiffs as Class Representatives and Plaintiffs' Counsel as counsel for the Settlement Class; (iv) approving the form and manner of the Notice Plan; (v) appointing Angeion Group as Claims Administrator; (vi) establishing deadlines for the Exclusion and Objection Period; and (vii) scheduling a Final Approval hearing at which the Court will consider Final Approval of the Settlement, Class Certification, and Plaintiffs' Counsel's Motion for Attorneys' Fees, Costs and Service Awards for the Class Representatives.

Dated: February 29, 2024 Respectfully submitted,

By: /s/ *Max S. Roberts*
    Max S. Roberts

Max S. Roberts
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9189
E-Mail: mroberts@bursor.com

Sarah N. Westcot (*Pro Hac Vice*)
**BURSOR & FISHER, P.A.**
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Tel: (305) 330-5512
Fax: (305) 676-9006
E-Mail: swestcot@bursor.com

Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (847) 208-4585
Email: gklinger@milberg.com

Russell Busch
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
979 Green Bay Rd.
Highland Park, IL 60035
Tel: (865) 247-0080
Email: rbusch@milberg.com

Nick Suciu III
nsuciu@milberg.com
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Tel.: (313) 303-3472
Fax: (865) 522-0049

Alexandra M. Honeycutt
Virginia Ann Whitener
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
800 South Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (865) 247-0080
Fax: (865) 522-0049
Email: ahoneycutt@milberg.com
vwhitener@milberg.com

Charles E. Schaffer
**LEVIN SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
cschaffer@lfsblaw.com

Jonathan Shub
**SHUB & JOHNS LLC**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
T: (856) 772-7200
F: (856) 210-9088
jshub@shublawyers.com

Jason P. Sultzer
**SULTZER & LIPARI, PLLC**
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 1260
Tel: (845) 483-7100
sultzerj@thesultzerlawgroup.com

*Proposed Class Counsel*

## **CERTIFICATE OF SERVICE**

I certify that on February 29, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

                                                      */s/ Max S. Roberts*
                                                      Max S. Roberts