UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YVONNE BARNES, PATRICIA DEAN, ANTONIO MORRIS, and BERNADETTE BOGDANOVS, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>    v.<br><br>UNILEVER UNITED STATES, INCORPORATED,<br><br>              Defendant. | Case No.: 1:21-cv-06191<br><br>Hon. Matthew F. Kennelly |

**ORDER GRANTING PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT**

      Plaintiffs Yvonne Barnes, Patricia Dean, Antonio Morris, and Bernadette Bogdanovs in this action have filed an unopposed motion for preliminary approval of a Class Action Settlement (the "Settlement"), conditional certification of the Settlement Class for settlement purposes, appointment of Plaintiffs' Counsel as Class Counsel and Plaintiffs as Class Representatives for settlement purposes, approval of the Notice Plan, and appointment of Angeion Group as the Claims Settlement Administrator. The Court has reviewed and considered the Settlement Agreement and the accompanying exhibits.

      IT IS HEREBY ORDERED as follows:

      1.    <u>Defined Terms</u>.  This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

      2.    <u>Preliminary Approval of Settlement</u>:  The Court preliminarily approves the Settlement, and the Settlement's terms, as fair, reasonable, and adequate under Rule 23, subject to

further consideration at the Final Approval Hearing described below. The Court also preliminarily finds that the Settlement has been reached as a result of arm's-length negotiations of disputed claims.

3. <u>Class Definition</u>: Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies, solely for purposes of effectuating the Settlement, the following Settlement Class:

> all natural persons who, between January 1, 2018, and the date of Preliminary Approval, purchased in the United States any Covered Product for personal, family or household use, and not resale.

4. <u>Class Representatives and Class Counsel</u>: The Court preliminarily appoints the law firms of Bursor & Fisher, P.A., Milberg Coleman Bryson Phillips Grossman, PLLC, Levin Sedran & Berman, Shub & Johns LLC, and Sultzer & Lipari, PLLC as Class Counsel for the Settlement Class. The Court preliminarily appoints Yvonne Barnes, Patricia Dean, Antonio Morris, and Bernadette Bogdanovs as the Class Representatives.

5. <u>Preliminary Class Certification for Settlement Purposes Only</u>: The Court preliminarily finds, solely for purposes of the Settlement, that the Rule 23 criteria for certification of the Settlement Class exist in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

6. In addition, the Court finds that preliminary certification of the Settlement Class is appropriate when balanced against the risks and delays of further litigation.

7. <u>Class Notice</u>: The Court approves the form and content of the proposed Notice Plan, Long Form Notice, Short Form Notice, and Online Notice (Exhibits B and B1-B3 to the Settlement Agreement) and Claim Form (Exhibit A to the Settlement Agreement). The Court further finds that the Notice Plan satisfies Rule 23, due process, and constitutes the best notice practicable under the circumstances. The Notice Plan sets forth in the Settlement is reasonably calculated to apprise the Settlement Class of the pendency of the Action, the class certification for settlement purposes only, the terms of the Settlement and benefits afforded, the Settlement Class Members' rights including the right to opt-out of or object to the Settlement and the deadlines and procedures for doing so, the deadline, procedures and requirements for submitting a claim for monetary compensation pursuant to the Settlement, Class Counsel's application for Attorneys' Fees and Costs and Service Awards for the Class Representatives, the time, place and right to appear at the Final Approval Hearing, and other pertinent information about the Settlement and the Settlement Class Members' rights. The Court authorizes the Parties to make non-material modifications to the Class Notice and Claim Form prior to mailing if they jointly agree that any such changes are appropriate.

8. No later than the date specified in Paragraph 21 below, the Settlement Administrator shall provide notice to the Settlement Class pursuant to the terms of the Agreement. The Parties shall coordinate with the Settlement Administrator to provide notice to the Settlement Class pursuant to the terms set forth therein.

9. <u>Administration</u>: The Court appoints Angeion Group as the Claims Administrator. The Claims Administrator is directed to perform all settlement administration duties set forth in, and pursuant to the terms and time periods of, the Settlement, including mailing of the CAFA Notice, implementing and maintaining the Settlement Website, disseminating notice to the

Settlement Class, the processing, review and determination of timely submitted and proper claims under the Settlement, and the submission of any declarations and other materials to counsel and the Court, as well as any other duties required under the Settlement Agreement.

10. <u>Exclusion from Class</u>. Any Class Member who wishes to be excluded from the Class may do so by completing the online exclusion form at the Settlement Website; downloading and submitting to the Claims Administrator a completed exclusion form; or submitting a valid request to exclude themselves, as described in the Notice, to the Claims Administrator. Any request for exclusion must be postmarked and sent to the Claims Administrator no later than the Exclusion Deadline, which is specified in Paragraph 21 below. Not later than ten (10) business days after the Exclusion Deadline, the Claims Administrator shall provide to Class Counsel and Defendant's Counsel a complete list of Settlement Class Members requesting exclusion from the Settlement together with copies of the requests for exclusion, to be filed with the Court by Class Counsel.

11. If the proposed Settlement is finally approved, any potential Settlement Class Member who has not submitted a timely written request for exclusion on or before the Exclusion Deadline shall be bound by all terms of Final Approval, even if the potential Settlement Class Member previously initiated or subsequently initiates any litigation against any or all of the Released Parties relating to Released Claims. All persons or entities who properly exclude themselves from the Settlement Class shall not be Settlement Class Members and shall relinquish their rights or benefits under the Settlement, should it be approved, and may not file an objection to the Settlement or be entitled to any settlement benefits.

12. <u>Objections</u>: Any Settlement Class Member who has not filed a timely written request for exclusion may object to the fairness, adequacy, or reasonableness of the Settlement, and/or the requested Attorneys' Fees and Costs and Service Awards.

13. Any Class Member who wishes to object to the Settlement Agreement must timely serve a written objection to the Claims Administrator by the Objection Deadline, which is specified in Paragraph 21 below. The objection must include: (i) the case name *Barnes et al. v. Unilever United States, Inc.*, Case No. 1:21-cv-06191; (ii) the name, address, and telephone number of the objector; (iii) the name, address, and telephone number of all counsel (if any) who represent the objector, including any former or current counsel who may be entitled to compensation for any reason if the objection is successful; (iv) documents or testimony sufficient to establish membership in the Settlement Class; (v) a detailed statement of any objection asserted, including the grounds therefor; (vi) whether the objector is, and any reasons for, requesting the opportunity to appear and be heard at the Final Approval hearing; (vii) the identity of all counsel (if any) representing the objector who will appear at the Final Approval hearing and, if applicable, a list of all persons who will be called to testify in support of the objection; (viii) copies of any papers, briefs, declarations, affidavits, or other documents upon which the objection is based; (ix) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any state or federal court in the United States in the previous five years (or affirmatively stating that no such prior objection has been made); and (x) the objector's signature, in addition to the signature of the objector's attorney (if any)—an attorney's signature alone shall not be deemed sufficient to satisfy this requirement.

14. Any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing to explain why the proposed Settlement should not be approved as

fair, reasonable, and adequate, or to object to any motion by Class Counsel for the Fee Award or Service Awards. To appear, the objecting Settlement Class Member must, by the deadline set by the Court, file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the Final Approval Hearing. The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence and the identity of witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not provide a timely Notice of Intention to Appear in accordance with the deadline and other requirements set forth in this Settlement Agreement and Class Notice shall be deemed to have waived any right to appear, in person or by counsel, at the Final Approval Hearing.

15. Any Settlement Class Member who has not properly filed a timely objection in accordance with the deadline and requirements set forth in this Order and Class Notice shall be deemed to have waived any objections to the Settlement and any adjudication or review of the Settlement by appeal or otherwise.

16. <u>Preliminary Injunction</u>. All Settlement Class Members and/or their representatives who do not timely and properly exclude themselves from the Settlement Class are barred and enjoined from directly, indirectly, derivatively, in a representative capacity, or in any other capacity filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing any action in any forum (state or federal) as individuals, class members, putative class members, or otherwise against the Released Parties (as defined in the Settlement) in any court or tribunal asserting any of the Released Claims (as defined in the Settlement), and/or from receiving any benefits from any lawsuit other than this one, administrative or regulatory

proceeding, or order in any jurisdiction, arising out of, based on, or relating to the Released Claims. In addition, all such persons are hereby barred and enjoined from filing, commencing, or prosecuting a lawsuit against Defendant (or against any of the Released Parties) as a class action, a separate class, or group for purposes or pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members who do not timely exclude themselves from the Settlement Class, arising out of, based on, or relating to the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

17. <u>Termination of Settlement</u>. If the Court does not grant final approval to the Settlement, or for any reason the Parties fail to obtain Final Approval as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, or the Final Settlement Approval Date does not occur for any reason, then the Parties shall be restored to their respective pre-settlement positions in the Action, including with regard to any agreements concerning tolling and similar agreements, and this entire Settlement shall be null and void, shall have no further force and effect with respect to any Party in the Action, and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification, or maintenance of any purported class or Defendant's liability with respect to the claims that are, were or could have been asserted in the Action. In the event of such, this Settlement and all negotiations, proceedings, documents prepared, and statements made in connection with it shall be without prejudice to the Parties, and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law, and shall not be used in any

manner for any purpose, and all Parties to the Action shall stand in the same position as if this Settlement had not been negotiated, made, or filed with the Court.

18. In the event of termination, the terminating Party shall cause the Settlement Administrator to post information regarding the termination on the Settlement Website.

19. <u>Alteration of Exhibits</u>. Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable procedures to further the administration of the Settlement that are not materially inconsistent with this Order or the Settlement, including making, without further approval of the Court, minor changes to the form or content of the Notice Plan and other exhibits that they jointly agree are reasonable or necessary.

20. <u>Retaining Jurisdiction</u>. This Court shall maintain continuing jurisdiction over these settlement proceedings to ensure the effectuation thereof for the benefit of the Settlement Class, and for any other necessary purpose.

21. <u>Settlement Deadlines</u>. Based on the foregoing, the Court sets the schedule below for the Final Approval Hearing and the actions which must precede it. If any deadline set forth in this Order falls on a weekend or federal holiday, then such deadline shall extend to the next business day. These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class. Settlement Class Members must check the Settlement website regularly for updates and further details regarding this Settlement:

| Event | Suggested Date/Deadline Pursuant To Settlement | Date Ordered By Court |
|---|---|---|
| Notice Date | 30 days after the Preliminary Approval | April 8, 2024 |
| Motion for Final Approval | 75 days prior to Final Approval Hearing | June 28, 2024 |
| Application for Attorneys' Fees and Costs and Service Awards | 75 days prior to Final Approval Hearing | June 28, 2024 |

| Event | Suggested Date/Deadline Pursuant To Settlement | Date Ordered By Court |
|---|---|---|
| Claims Filing Deadline | 60 days prior to Final Approval Hearing | July 15, 2024 |
| Objection Deadline and Exclusion Deadline | 60 days prior to Final Approval Hearing | July 15, 2024 |
| Reply in Support of Final Approval and responses to any objections | 45 days prior to Final Approval Hearing | July 30, 2024 |
| Reply in Support of Application for Attorneys' Fees and Costs and Service Awards and responses to any objections | 45 days prior to Final Approval Hearing | July 30, 2024 |
| Class Counsel submits declaration from Claims Administrator (1) stating the number of claims, requests for exclusion, and objections to date and (2) attesting that Class Notice was disseminated in a manner consistent with the Settlement or otherwise required by the Court. | 21 days prior to Final Approval Hearing | August 23, 2024 |
| Notice of Intention to Appear at the Final Approval Hearing | 14 days prior to Final Approval Hearing | August 30, 2024 |
| Final Approval Hearing | 150 days after Notice Date, or as soon thereafter as may be heard by the Court | September 13, 2024 at 9:00 a.m. |

IT IS SO ORDERED, on March 7, 2024.
                (date)

                                                                             _____
                                                                             The Honorable Matthew F. Kennelly
                                                                             United States District Judge